**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

CRUISE AMERICA ASSOCIATES, LLC,

      Plaintiff,

v.

ABSOLUTE NEVADA, LLC

      Defendant.

_____/

## COMPLAINT

CRUISE AMERICA ASSOCIATES, LLC ("Plaintiff" or "CAA"), by and through undersigned counsel, hereby files this Complaint against ABSOLUTE NEVADA, LLC ("Defendant" of "AN") and states:

## INTRODUCTION

1. CAA is owed $172,176.36 for good and services it procured for the benefit of AN and for reimbursement of expenses incurred by CAA while it was serving as AN's owner's representative and a manager of the cruise ship owned by AN known as the MS DEUTSCHLAND / WORLD ODYSSEY (hereinafter "the Vessel").

2. CAA submitted its invoice to AN for payment, but the invoice remains unpaid and outstanding.  **Exhibit A** (the "Invoice").

3. The Vessel has since sold for more than thirty million dollars ($30,000,000).

## THE PARTIES

4.  Plaintiff CRUISE AMERICA ASSOCIATES, LLC ("Cruise America"), is a limited liability company with its principal place of business located at 23 Isla Bahia Drive, Ft. Lauderdale, Florida 33316.  Its sole member, Mr. Robert Lambert, a citizen of the state of Florida.

5.  Defendant ABSOLUTE NEVADA, LLC ("Absolute Nevada") is a limited liability company with a registered address of 11115 Kilkerran Court, Las Vegas, NV 89141. Alternatively, Absolute Nevada's address is 31 Bancroft PL, Nashville, Tennessee 37215. Its sole member is Vicky L. Porter-Hoffman, a resident of 4610 N. Garfield Ste., A3, Midland, Texas 79705 and a citizen of the state of Texas.  Absolute Nevada is also registered to transact business in Florida.

## JURISIDCTION

6.  Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and this litigation is between citizens of different States.

7.  Complete diversity exists because CAA's sole member is a citizen of the state of Florida and Defendant's sole member is a citizen of Texas and/or Tennessee.

8.  This Court has personal jurisdiction over Defendant pursuant to *Fla. Stat.* § 48.193(1)(a)(1) (conducting business in Florida or having an agency relationship in Florida) and § 48.193(1)(a)(2) (committing a tortious act in Florida).

9.  Defendant is subject to personal jurisdiction pursuant to *Fla. Stat.* § 48.193(1)(a)(1) (conducting business in Florida or having an agency relationship in Florida) because Defendant had agency relationships with at least two agents in Florida:  Cruise America

Associates, LLC (i.e. Plaintiff) and Bruce McAllister, an attorney from the Palm Beach, Florida based law firm Alley, Maass, Rogers & Lindsay, P.A.

10. Plaintiff, a Florida-based entity, enjoyed an agency relationship with Defendant related to the management of the Vessel and the acquisition and extension of chartering contracts for winter and summer charters for the Vessel among other things.

11. Bruce McAllister was an advisor to Defendant related to the transaction for the sale of the Vessel. The law firm Alley, Maass, Rogers & Lindsay, P.A. also served as a trust account for deposits made in connection with the sale of the Vessel.

12. In addition, Defendant's sole member, Vicky Porter Hoffman, attended a meeting in Miami, Florida on or about June 14, 2017 to discuss whether to engage a Florida-based company (Cruise Management International, Inc.) for professional services to be rendered on the Vessel.

13. Also, Defendant engaged another Florida-based agent, V. Ships Leisure (USA), LLC, to render services on the Vessel.

14. Defendant is registered to conduct business in Florida under the entity name "Absolute Nevada LLC". Absolute Nevada's Florida-based registered agent is Bruce A. McAllister, Esq, whom is located at 340 Royal Poinciana Way, Ste 321, Palm Beach, FL 33480.

15. Furthermore, Defendant is subject to personal jurisdiction pursuant to § 48.193(1)(a)(2) (committing a tortious act in Florida).

16. Specifically, Defendant knowingly availed itself of the services and benefits conferred by Plaintiff yet refused to reimburse Plaintiff for costs incurred in service to Defendant.

## VENUE

17. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(3) because all Defendants are subject to personal jurisdiction in Florida.

18. Venue is also proper because the failure to pay CAA occurred in Florida where CAA is located.

## FACT ALLEGATIONS

19. On or about July 31, 2017, CAA timely submitted its invoice for $172,176.36 to AN. **Exhibit A**.

20. AN did not object to the amount of the invoice or that CAA was entitled to be paid the amount claimed in the invoice.

21. AN has not paid CAA's invoice and the invoice remains outstanding, due and owing.

22. In addition to the amounts owed pursuant to its invoice for reimbursements and goods and services procured by CAA for the benefit of AN, CAA is owed payment for its own services provided to AN.

## COUNT I
### (Breach of Oral Contract)

23. Plaintiff incorporates paragraphs one (1) through twenty-two (22) as if fully set forth herein.

24. AN, by and through its former (now deceased) member and principal Mr. Bob Hoffman, entered into an oral contract with CAA.

25. The terms of the parties' agreement required CAA to serve as AN's owner's representative and assist with managing the operation of its vessels in return for a fee. AN also agreed to promptly reimburse CAA for any amounts incurred by CAA in performing its duties or for the benefit of AN.

26. In accordance with the oral contract, and as shown by the parties' course of dealing over their years long relationship, AN agreed to promptly reimbursed CAA and paid CAA's invoices.

27. AN breached its oral contract with CAA by failing to pay CAA's invoices and by failing to pay its fees for services rendered.

WHEREFORE, Plaintiff demands judgment against Defendant, plus accrued interest and costs and for any other relief this Court deems just and proper.

## COUNT II
**(Open Account)**

28. Plaintiff incorporates paragraphs one (1) through twenty-two (22) as if fully set forth herein.

29. CAA agreed to provide goods and services on credit and AN agreed to assume the obligation to make payment.

30. CAA provided goods and services to AN and incurred expenses

31. CAA timely invoiced AN, but AN failed to pay or object to the invoice.

32. AN owes CAA the amount of the invoice attached as Exhibit A.

33. AN also owes CAA its fee for services provided by CAA to AN.

WHEREFORE, Plaintiff demands judgment against Defendant, plus accrued interest and costs and for any other relief this Court deems just and proper.

## COUNT III
**(Account Stated)**

34. Plaintiff incorporates paragraphs one (1) through twenty-two (22) as if fully set forth herein.

35. CAA and AN had previous dealings and transactions with AN over the course of their years long relationship.

36. CAA and AN had an agreement whereby AN promised to reimburse the amounts CAA spent for the benefit of AN and related to providing its services to CAA.

37. CAA timely invoiced AN, but CAA has not received payment.  **Exhibit A**.

WHEREFORE, Plaintiff demands judgment against Defendant, plus accrued interest and costs and for any other relief this Court deems just and proper.

<u>**COUNT IV**</u>
**(Quantum Meruit)**

38.  Plaintiff incorporates paragraphs one (1) through twenty-two (22) as if fully set forth herein.

39. CAA conferred a benefit upon AN in the form of goods and services provided.

40. AN voluntarily accepted the goods and services and retained the benefit thereof.

41. The circumstances are such that it would be inequitable for AN to retain the benefits conferred without paying the value therefor to CAA including the amount of CAA's invoice.

WHEREFORE, Plaintiff demands judgment against Defendant, plus accrued interest and costs and for any other relief this Court deems just and proper.

<u>**COUNT V**</u>
**(Unjust Enrichment)**

42. Plaintiff incorporates paragraphs one (1) through twenty-two (22) as if fully set forth herein.

43. CAA conferred a benefit upon AN by providing goods and services to AN and by providing its own services as a representative and manager.

44. AN knew CAA was serving in the capacity of a personal representative on AN's behalf.

45. AN voluntarily accepted the goods and services provided by CAA.

46. The circumstances are such that it would be inequitable for AN to retain the benefits conferred without paying the value therefor to CAA including the amount of CAA's invoice.

WHEREFORE, Plaintiff demands judgment against Defendant, plus accrued interest and costs and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial on all issues triable of right by jury.

Dated: July 30, 2021

Respectfully Submitted,

**MOORE & COMPANY, P.A.**
*Counsel for Plaintiff*
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: michael@moore-and-co.com
Email: cnaughton@moore-and-co.com


s/Clay M. Naughton
Michael T. Moore, Esq.
Florida Bar No. 207845
Clay Naughton, Esq.
Florida Bar No. 029302